UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JULIA BRANTLEY,                                    CASE NUMBER:  3:24-cv-
     Plaintiff,
                v.                                  Division:

BLUE DIAMOND MOVERS, INC.,
d/b/a BLUE DIAMOND PREMIUM SERVICES
PACKMARK MOVERS LLC, LOGISTIC MOVING SERVICES LLC,
HANDLE WITH CARE MOVING TRANSPORTATION LLC
     Defendants.
_____/

## **COMPLAINT**

     Plaintiff, Julia Brantley, by and through her undersigned counsel, hereby

sues Defendants Blue Diamond Inc., Packmark Movers LLC, Logistic Moving

Services LLC, and Handle With Care Moving Transportation LLC (collectively

referred to as "Defendants"), and alleges as follows:

## **JURISDICTION AND VENUE**

1. This is an action brought under the Racketeer Influenced and Corrupt

    Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, Federal Motor Carrier

    Safety Act (FMCSA), 49 USC §§13702, 13708, 14104, and  14704, and Florida

    state law, including the Florida RICO statute, Fla. Stat. §§ 895.01–895.06,

    Replevin, and Civil Theft, Fla. Stat. § 772.11.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 (federal

    question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction) for the

    state law claims.

3. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred in this judicial district.

## PARTIES

4. Plaintiff, Julia Brantley, is now a resident of Florida who contracted with Defendants to move her personal household goods to Florida, which Defendants failed to deliver.

5. Defendant Blue Diamond Inc. is a moving company with its principal place of business located in Kansas, MO, engaged in the business of interstate moving.

6. Blue Diamond is an interstate mover of household goods subject to federal regulations under 49 CFR Part 375.

7. Defendant Packmark Movers LLC is a moving company based in New Jersey, which held itself out as the principal moving company but subcontracted the services of Defendant Blue Diamond Inc.

8. Defendant Logistic Moving Services LLC is a moving company registered in Georgia that processed Plaintiff's payment and facilitated the fraudulent scheme.

9. Defendant Handle With Care Moving Transportation LLC is a moving company with its principal place of business in Georgia, which later claimed possession of Plaintiff's household goods and demanded additional payments without delivering the goods.

## GENERAL ALLEGATIONS

10. Plaintiff responded to an internet ad she found on Facebook posted by defendant, Packmark Movers LLC.

11. Plaintiff contacted Packmark Movers LLC, which falsely claimed it was not a broker and could personally handle her interstate move from Jacksonville, Illinois to Pensacola, Florida.

12. Plaintiff paid an initial $300 deposit to Packmark Movers LLC (Packmark) based on the estimate of $1,831.80 for the move.

13. Packmark provided Plaintiff with a false binding estimate, knowing that the actual movers would charge Plaintiff substantially more on the date of the move.

14. On June 29, 2024, Blue Diamond, Inc., subcontracted by Packmark Movers, arrived and stated that the original estimate was grossly inaccurate, increasing the price to $4,000.

15. All of the plaintiff's belongings occupied only one-third of the truck Blue Diamond, Inc. arrived in.

16. Plaintiff paid $2,000 to Logistic Moving Services LLC and was told her belongings would be stored until a truck to Florida became available.

17. Despite repeated requests, Plaintiff's goods, valued at approximately $20,000, were never delivered.

18. The companies continuously threatened Plaintiff and refused to provide a delivery date.

3

19. Handle With Care Moving Transportation LLC later claimed possession of the goods and issued invoices for over $5,000 without delivering the items.

20. More than two months after the initial agreement, Plaintiff still has not received her goods.

21. Defendants, collectively and individually, used threats, deception, and misrepresentation to hold Plaintiff's personal belongings for ransom.

## COUNT I
## FEDERAL RICO VIOLATION (18 U.S.C. § 1962)
### PACKMARK MOVERS, LLC

22. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

23. Defendant **Packmark Movers LLC** used the internet to lure plaintiff into doing business based on its false advertising of low-price moving services.

24. Packmark Movers LLC baited plaintiff into moving a contract using knowingly false low-price binding estimates that Packmark had no intention to honor.

25. Packmark Movers LLC's luring through false advertising and baiting into low-price binding estimates it does not intend to honor was and continues to be a part of a coordinated racketeering scheme to defraud unsuspecting interstate moving customers throughout the United States.

26. Packmark Movers LLC worked in collaboration with defendant Blue Diamond knowing Blue Diamond would unreasonably inflate the price provided in the binding estimate.

27. Packmark Movers LLC further collaborated with co-defendants Logistic Moving Services LLC and Handle With Care Moving Transportation LLC knowing that these two companies would each participate in the shell-game movement and warehousing of plaintiff's personal household goods and extort additional payments of money from plaintiff.

28. Defendants, individually and collectively, engaged in a pattern of racketeering activity, as defined under 18 U.S.C. § 1961(1), by committing multiple acts of wire fraud, extortion, and interstate transportation of stolen property in connection with their fraudulent moving scheme.

29. Defendants formed an enterprise, as defined in 18 U.S.C. § 1961(4), consisting of Blue Diamond Inc., Packmark Movers LLC, Logistic Moving Services LLC, and Handle With Care Moving Transportation LLC, with the common purpose of defrauding customers like Plaintiff by drastically inflating moving costs, refusing to deliver goods, committing theft and civil theft, and demanding ransom payments for the customers' own household goods.

30. Defendants used interstate wire communications to perpetuate their fraud, in violation of 18 U.S.C. § 1343. Defendants communicated with Plaintiff across state lines and accepted electronic payments, which are clear acts of wire fraud.

31. As a direct and proximate result of Defendants' racketeering activities, Plaintiff suffered significant financial losses and emotional distress, entitling her to treble damages under 18 U.S.C. § 1964(c).

32. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendant and grant all other relief that is reasonable and just including punitive damages, attorney's fees and costs in this action.

## COUNT II
## FEDERAL RICO VIOLATION (18 U.S.C. § 1962)
### BLUE DIAMOND MOVERS, INC

33. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

34. Defendant **Blue Diamond Movers, Inc** co-operates with and continues to collaborate with numerous on-line advertising Moving Brokers and Companies like Packmark Movers LLC which lured the plaintiff through false advertising and baiting into low-price binding estimates they do not intend to honor as part of a coordinated racketeering scheme to defraud unsuspecting interstate moving customers throughout the United States.

35. Blue Diamond worked in collaboration with defendant Packmark Movers LLC knowing Blue Diamond was going to unreasonably inflate the price provided in the binding estimate.

36. Blue Diamond further collaborated and participated with co-defendants Logistic Moving Services LLC and Handle With Care Moving Transportation

LLC knowing that all three companies would each participate in the shell-game movement and warehousing of plaintiff's personal household goods and extort additional payments of money from plaintiff.

37. Defendants, individually and collectively, engaged in a pattern of racketeering activity, as defined under 18 U.S.C. § 1961(1), by committing multiple acts of wire fraud, extortion, and interstate transportation of stolen property in connection with their fraudulent moving scheme.

38. Defendants formed an enterprise, as defined in 18 U.S.C. § 1961(4), consisting of Blue Diamond Inc., Packmark Movers LLC, Logistic Moving Services LLC, and Handle With Care Moving Transportation LLC, with the common purpose of defrauding customers like Plaintiff by drastically inflating moving costs, refusing to deliver goods, committing theft and civil theft, and demanding ransom payments for the customers' own household goods.

39. Defendants used interstate wire communications to perpetuate their fraud, in violation of 18 U.S.C. § 1343. Defendants communicated with Plaintiff across state lines and accepted electronic payments, which are clear acts of wire fraud.

40. As a direct and proximate result of Defendants' racketeering activities, Plaintiff suffered significant financial losses and emotional distress, entitling her to treble damages under 18 U.S.C. § 1964(c).

## COUNT III
## FEDERAL RICO VIOLATION (18 U.S.C. § 1962)
Logistic Moving Services LLC

41. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

42. Defendant **Logistic Moving Services LLC** co-operates with and continues to collaborate with numerous on-line advertising Moving Brokers and Companies like Packmark Movers LLC which lured the plaintiff through false advertising and baiting into low-price binding estimates they do not intend to honor as part of a coordinated racketeering scheme to defraud unsuspecting interstate moving customers throughout the United States.

43. Defendants Logistic Moving Services LLC and Handle With Care Moving Transportation LLC acted knowing that they and Blue Diamond Movers Inc would each participate in the shell-game movement and warehousing of plaintiff's personal household goods and each individually or attempt to extort additional payments of money from plaintiff.

44. Defendants, individually and collectively, engaged in a pattern of racketeering activity, as defined under 18 U.S.C. § 1961(1), by committing multiple acts of wire fraud, extortion, and interstate transportation of stolen property in connection with their fraudulent moving scheme.

45. Defendants formed an enterprise, as defined in 18 U.S.C. § 1961(4), consisting of Blue Diamond Inc., Packmark Movers LLC, Logistic Moving Services LLC, and Handle With Care Moving Transportation LLC, with the

8

common purpose of defrauding customers like Plaintiff by drastically inflating moving costs, refusing to deliver goods, committing theft and civil theft, and demanding ransom payments for the customers' own household goods.

46. Defendants used interstate wire communications to perpetuate their fraud, in violation of 18 U.S.C. § 1343. Defendants communicated with Plaintiff across state lines and accepted electronic payments, which are clear acts of wire fraud.

47. As a direct and proximate result of Defendants' racketeering activities, Plaintiff suffered significant financial losses and emotional distress, entitling her to treble damages under 18 U.S.C. § 1964(c).

48. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendant and grant all other relief that is reasonable and just including punitive damages, attorney's fees and costs in this action.

## COUNT IV
## FEDERAL RICO VIOLATION (18 U.S.C. § 1962)
Handle With Care Moving Transportation LLC

49. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

50. Defendant **Handle With Care Moving Transportation LLC** co-operates with and continues to collaborate with numerous on-line advertising Moving Brokers and Companies like Packmark Movers LLC which lured the plaintiff

9

through false advertising and baiting into low-price binding estimates they do not intend to honor as part of a coordinated racketeering scheme to defraud unsuspecting interstate moving customers throughout the United States.

51. Defendants Handle With Care Moving Transportation LLC and Logistic Moving Services LLC acted knowing that they and Blue Diamond Movers Inc would each participate in the shell-game movement and warehousing of plaintiff's personal household goods and each individually or attempt to extort additional payments of money from plaintiff.

52. Defendants, individually and collectively, engaged in a pattern of racketeering activity, as defined under 18 U.S.C. § 1961(1), by committing multiple acts of wire fraud, extortion, and interstate transportation of stolen property in connection with their fraudulent moving scheme.

53. Defendants formed an enterprise, as defined in 18 U.S.C. § 1961(4), consisting of Blue Diamond Inc., Packmark Movers LLC, Logistic Moving Services LLC, and Handle With Care Moving Transportation LLC, with the common purpose of defrauding customers like Plaintiff by drastically inflating moving costs, refusing to deliver goods, committing theft and civil theft, and demanding ransom payments for the customers' own household goods.

54. Defendants used interstate wire communications to perpetuate their fraud, in violation of 18 U.S.C. § 1343. Defendants communicated with Plaintiff across

state lines and accepted electronic payments, which are clear acts of wire fraud.

55. As a direct and proximate result of Defendants' racketeering activities, Plaintiff suffered significant financial losses and emotional distress, entitling her to treble damages under 18 U.S.C. § 1964(c).

56. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendant and grant all other relief that is reasonable and just including punitive damages, attorney's fees and costs in this action.

## COUNT V
### Violation of FMCSA Regulations
### Packmark Movers LLC

57. Plaintiff reaffirms and reasserts paragraphs 1 through 20 as if fully set forth herein.

58. Defendant, **Packmark Movers LLC**, by its actions of coordination with the co-defendants Blue Diamond LLC and others to defraud plaintiff and other customers through a pattern of racketeering activity have violated the FMCSA regulations governing the transportation of household goods in interstate commerce.

59. As a result of Defendants' violations, Plaintiff has suffered and continues to suffer damages.

60. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendant and grant all other relief

that is reasonable and just including punitive damages, attorney's fees and costs in this action.

## COUNT VI
### Violation of FMCSA Regulations
### Blue Diamond

61. Plaintiff reaffirms and reasserts paragraphs 1 through 20 as if fully set forth herein.

62. Defendant, **Blue Diamond**, by its actions of coordination with the co-defendants Packmark Movers LLC and others to defraud plaintiff and other customers through a pattern of racketeering activity have violated the FMCSA regulations governing the transportation of household goods in interstate commerce.

63. As a result of Defendants' violations, Plaintiff has suffered and continues to suffer damages.

64. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendant and grant all other relief that is reasonable and just including punitive damages, attorney's fees and costs in this action.

## COUNT VII
### Violation of FMCSA Regulations
### Logistic Moving Services LLC

65. Plaintiff reaffirms and reasserts paragraphs 1 through 20 as if fully set forth herein.

66. Defendant, **Logistic Moving Services LLC**, by its actions of coordination with the co-defendants Packmark Movers LLC, Blue Diamond, and others to defraud plaintiff and other customers through a pattern of racketeering activity have violated the FMCSA regulations governing the transportation of household goods in interstate commerce.

67. As a result of Defendants' violations, Plaintiff has suffered and continues to suffer damages.

68. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendant and grant all other relief that is reasonable and just including punitive damages, attorney's fees and costs in this action.

## COUNT VIII
### Violation of FMCSA Regulations
### Handle With Care Moving Transportation LLC

69. Plaintiff reaffirms and reasserts paragraphs 1 through 20 as if fully set forth herein.

70. Defendant, **Handle With Care Moving Transportation LLC**, by its actions of coordination with the co-defendants Packmark Movers LLC, Blue Diamond, and others to defraud plaintiff and other customers through a

pattern of racketeering activity have violated the FMCSA regulations

governing the transportation of household goods in interstate commerce.

71. As a result of Defendants' violations, Plaintiff has suffered and continues to

suffer damages.

72. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment

in favor of the Plaintiff and against the Defendant and grant all other relief

that is reasonable and just including punitive damages, attorney's fees and

costs in this action.

**COUNT IX**
**FLORIDA RICO VIOLATION (Fla. Stat. § 895.03)**
**Packmark**

73. Plaintiff realleges and incorporates by reference the allegations contained in

paragraphs 1 through 20 as if fully set forth herein.

74. Defendant **Packmark's** conduct also constitutes a violation of the Florida

RICO statute, Fla. Stat. § 895.03, as they engaged in a pattern of

racketeering activity within the state of Florida, through acts of fraud,

extortion, and theft.

75. Defendants used their enterprise to defraud Plaintiff and other Florida

residents, constituting a continuous pattern of criminal behavior under

Florida law.

76. Plaintiff is entitled to recover treble damages, attorney's fees, and costs under

Fla. Stat. § 772.104(3).

## COUNT IX
## FLORIDA RICO VIOLATION (Fla. Stat. § 895.03)
## Blue Diamond

77. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

78. Defendant **Blue Diamond**'s conduct also constitutes a violation of the Florida RICO statute, Fla. Stat. § 895.03, as they engaged in a pattern of racketeering activity within the state of Florida, through acts of fraud, extortion, and theft.

79. Defendants used their enterprise to defraud Plaintiff and other Florida residents, constituting a continuous pattern of criminal behavior under Florida law.

80. Plaintiff is entitled to recover treble damages, attorney's fees, and costs under Fla. Stat. § 772.104(3).

## COUNT XI
## FLORIDA RICO VIOLATION (Fla. Stat. § 895.03)
## Logistic Moving

81. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

82. Defendant **Logistic Moving's** conduct also constitutes a violation of the Florida RICO statute, Fla. Stat. § 895.03, as they engaged in a pattern of racketeering activity within the state of Florida, through acts of fraud, extortion, and theft.

83. Defendants used their enterprise to defraud Plaintiff and other Florida residents, constituting a continuous pattern of criminal behavior under Florida law.

84. Plaintiff is entitled to recover treble damages, attorney's fees, and costs under Fla. Stat. § 772.104(3).

## COUNT XII
## FLORIDA RICO VIOLATION (Fla. Stat. § 895.03)
### Handle With Care

85. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

86. Defendant **Handle With Care's** conduct also constitutes a violation of the Florida RICO statute, Fla. Stat. § 895.03, as they engaged in a pattern of racketeering activity within the state of Florida, through acts of fraud, extortion, and theft.

87. Defendants used their enterprise to defraud Plaintiff and other Florida residents, constituting a continuous pattern of criminal behavior under Florida law.

88. Plaintiff is entitled to recover treble damages, attorney's fees, and costs under Fla. Stat. § 772.104(3).

## COUNT XIII
## CIVIL THEFT (Fla. Stat. § 772.11)
### Packmark

89. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

90. Defendant **Packmark** unlawfully and intentionally deprived Plaintiff of her personal property, constituting civil theft under Fla. Stat. § 772.11.

91. Defendants acted with malice and in bad faith, knowingly withholding Plaintiff's belongings for ransom payments.

92. Pursuant to Fla. Stat. § 772.11, Plaintiff is entitled to treble damages, reasonable attorney's fees, and costs.

## COUNT XIV
## CIVIL THEFT (Fla. Stat. § 772.11)
### Blue Diamond

93. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

94. Defendant **Blue Diamond** unlawfully and intentionally deprived Plaintiff of her personal property, constituting civil theft under Fla. Stat. § 772.11.

95. Defendants acted with malice and in bad faith, knowingly withholding Plaintiff's belongings for ransom payments.

96. Pursuant to Fla. Stat. § 772.11, Plaintiff is entitled to treble damages, reasonable attorney's fees, and costs.

## COUNT XV
## CIVIL THEFT (Fla. Stat. § 772.11)
### Logistic Moving

97. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

98. Defendant **Logistic Moving** unlawfully and intentionally deprived Plaintiff of her personal property, constituting civil theft under Fla. Stat. § 772.11.

99. Defendants acted with malice and in bad faith, knowingly withholding Plaintiff's belongings for ransom payments.

100.    Pursuant to Fla. Stat. § 772.11, Plaintiff is entitled to treble damages,

     reasonable attorney's fees, and costs.

## COUNT XVI
## CIVIL THEFT (Fla. Stat. § 772.11)
### Handle With Care

101.   Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

102.   Defendant **Handle With Care** unlawfully and intentionally deprived Plaintiff of her personal property, constituting civil theft under Fla. Stat. § 772.11.

103.   Defendants acted with malice and in bad faith, knowingly withholding Plaintiff's belongings for ransom payments.

104.   Pursuant to Fla. Stat. § 772.11, Plaintiff is entitled to treble damages, reasonable attorney's fees, and costs.

## COUNT XVII
## REPLEVIN
### Packmark

105.   Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

106.   Defendant **Blue Diamond** unlawfully retained possession of Plaintiff's personal household goods, and Plaintiff is entitled to the immediate return of her property pursuant to Florida's replevin statute, Fla. Stat. § 78.01.

107.   Despite multiple requests, Defendants have refused to return Plaintiff's goods, resulting in irreparable harm to Plaintiff.

108.   Plaintiff is entitled to an order of replevin, requiring Defendants to immediately return all of Plaintiff's property.

**COUNT XVIII**
**REPLEVIN**
**Blue Diamond**

109.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

110.    Defendant **Blue Diamond** unlawfully retained possession of Plaintiff's personal household goods, and Plaintiff is entitled to the immediate return of her property pursuant to Florida's replevin statute, Fla. Stat. § 78.01.

111.    Despite multiple requests, Defendants have refused to return Plaintiff's goods, resulting in irreparable harm to Plaintiff.

112.    Plaintiff is entitled to an order of replevin, requiring Defendants to immediately return all of Plaintiff's property.

**COUNT XIX**
**REPLEVIN**
**Logistic Moving**

113.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

114.    Defendant **Logistic Moving** unlawfully retained possession of Plaintiff's personal household goods, and Plaintiff is entitled to the immediate return of her property pursuant to Florida's replevin statute, Fla. Stat. § 78.01.

115.    Despite multiple requests, Defendants have refused to return Plaintiff's goods, resulting in irreparable harm to Plaintiff.

116.    Plaintiff is entitled to an order of replevin, requiring Defendants to immediately return all of Plaintiff's property.

21

**COUNT XX**
**REPLEVIN**
**Handle With Care**

117.    Plaintiff realleges and incorporates by reference the allegations contained
in paragraphs 1 through 20 as if fully set forth herein.

118.    Defendant Handle With Care unlawfully retained possession of Plaintiff's
personal household goods, and Plaintiff is entitled to the immediate return of
her property pursuant to Florida's replevin statute, Fla. Stat. § 78.01.

119.    Despite multiple requests, Defendants have refused to return Plaintiff's
goods, resulting in irreparable harm to Plaintiff.

120.    Plaintiff is entitled to an order of replevin, requiring Defendants to
immediately return all of Plaintiff's property.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Julia Brantley, respectfully requests that this Court
enter judgment in her favor and against Defendants, awarding the following relief:

1. Treble damages under federal and Florida RICO statutes;

2. Compensatory damages in an amount to be determined at trial;

3. An order of replevin for the immediate return of Plaintiff's personal property;

4. Treble damages, attorney's fees, and costs under Fla. Stat. § 772.11;

5. Punitive damages;

6. Prejudgment interest;

7. Costs and attorney's fees; and

8.  Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ David L. Ham, Jr.

David Lee Ham, Jr.
The Law Offices of David Lee Ham, Jr., PA
301 W Bay Street, Suite 1469
Jacksonville, FL 32022
(904) 307-3888
david@hamlawfl.com
attyham@gmail.com
Attorney for Plaintiff