UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JULIA BRANTLEY,                                          CASE NUMBER:  3:24-cv-587
    Plaintiff,

        v.                                              Division:

BLUE DIAMOND MOVERS, INC.,
d/b/a BLUE DIAMOND PREMIUM SERVICES
PACKMARK MOVERS LLC, LOGISTIC MOVING SERVICES LLC,
HANDLE WITH CARE MOVING TRANSPORTATION LLC
    Defendants.
_____/

## PLAINTIFF'S RENEWED MOTION
## FOR <u>FINAL JUDGMENT BASED ON DEFAULT</u>

Plaintiff, JULIA BRANTLEY, by and through undersigned counsel, hereby

moves for the entry of a Final Judgment based on Default against Defendants,

**BLUE DIAMOND MOVERS, INC.**, pursuant to Rule 55(b) of the Federal Rules of

Civil Procedure, and states as follows:

## BACKGROUND

1. **Procedural History**:

    a. A Clerk's Default was entered against BLUE DIAMOND MOVERS,

       INC. on January 30, 2025.

1

b.  The  Clerk's Default was entered against BLUE DIAMOND MOVERS, INC. for their failure to plead or otherwise defend this action.

c.  On 04/29/2025 JUDGE T KENT WETHERELL II entered the ORDER in Doc 28, denying Plaintiff's motions for default judgment (Docs. 25, 26, 27 ) without prejudice to being renewed after the claims against Packmark are resolved.

d.  Pursuant to the Order in Doc 28, Plaintiff showed cause as to why the claims against Packmark should not be dismissed without prejudice under Fed. R. Civ. P. 4(m) for lack of service.

e.  The court further granted plaintiff extensions of time in Doc's 32, 34, 36, and 38 to serve Packmark.

f.  The court authorized SERVICE BY PUBLICATION on August 29th 2025 and extended the time for service in the Order in Doc 41.

g.  Plaintiff filed SERVICE by Publication Entered: 09/15/2025. (Doc 42).

h.  On September 17th 2025 the court entered an ORDER re 42 Service by Publication. Providing a Status Report Deadline of 10/17/2025. (Doc 43).

i.  SERVICE by Publication filed by Plaintiff was Entered on 10/14/2025. (Doc 44).

j.  Plaintiff's moved for Clerks Default Against Packmark Movers, LLC by JULIA BRANTLEY on 01/14/2026. (Doc 45).

2

k.  The Clerk made an ENTRY OF DEFAULT as to PACKMARK

MOVERS, LLC. on 01/16/2026. (Doc 46).

l.  The Clerk has now entered Default against all defendants in this

action.

## DAMAGES CALCULATION

Plaintiff's damages are calculated as follows:

1.  **Actual Damages**:

Items: $64,105

Clothing: $14,325

Christmas Decorations: $850

Tools: $1830

2.  **Treble Damages (Civil Theft)**:

$81,110 \times 3 = \$243,330$

3.  **Attorney Fees**:

$5,250

**Total Final Claim**: $248,550

## MEMORANDUM OF LAW
### CITATION OF AUTHORITIES
### IN SUPPORT OF THE RELIEF REQUESTED

Default judgment is appropriate when a defendant has failed to defend or engage in the proceedings, provided the court finds the complaint sufficient to support the requested relief.  The damages are detailed in Plaintiff's affidavit and documentary exhibits, which the Court may accept without a hearing under Rule 55(b)(2) where damages are liquidated or **capable of mathematical calculation**. *See SEC v. Smyth*, 420 F.3d 1225, 1231–32 (11th Cir. 2005).  A defendant admits all well-pleaded allegations of fact contained in a plaintiff's complaint by defaulting. *Eagle Hosp. Physicians, LLC v. SRG CONSULTING*, 561 F. 3d 1298 (11th Circuit, 2009).  The court must assess the sufficiency of the complaint and its allegations before entering a default judgment.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1.  Excuse the delay in filing the motion for final judgment.

2.  Enter a Final Judgment against Defendants, BLUE DIAMOND MOVERS, INC. jointly and severally, in the amount of $248,550.

3.  Award Plaintiff post-judgment interest as provided by law.

4.  Grant such other and further relief as this Court deems just and proper.

5

This **26th day of January 2026**.


/s/David L. Ham, Jr.

David Lee Ham, Jr.
The Law Offices of David Lee Ham, Jr., PA
255 Water Street, Suite 1500
Jacksonville, FL 32022
(904) 307-3888
david@hamlawfl.com
attyham@gmail.com
Attorney for Plaintiff

5